DECISION
Todd A. Stapleton, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. We affirm.
On January 22, 1996, a grand jury indicted appellant for kidnapping, a violation of R.C. 2905.01, with the purpose of engaging in sexual activity with the victim against her will. Sexual activity is defined as sexual conduct and/or sexual contact. R.C. 2907.01(C). Pursuant to a plea agreement with the state, appellant pled guilty to the lesser included offense of abduction, a violation of R.C. 2905.02. On May 13, 1996, appellant was sentenced to serve five to ten years in prison.
Prior to being released from prison, a sexual predator hearing was held for appellant pursuant to R.C. 2950.09(C). The court found appellant to be a sexual predator, which was journalized in an entry filed on October 21, 1999. Appellant appeals this determination and presents the following assignment of error:
 THE EVIDENCE BEFORE THE COURT WAS LEGALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT WAS A SEXUAL PREDATOR, SUBJECT TO THE LIFETIME REGISTRATION AND COMMUNITY NOTIFICATION PROVISIONS OF CHAPTER 2950 OF THE OHIO REVISED CODE.
Appellant argues in his assignment of error that the trial court erred when it found him to be a sexual predator. Appellant claims that the evidence does not support a finding that appellant is likely to commit one or more sexually oriented offenses in the future.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all of the testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) (a)-(j). An appellate court, in reviewing a finding that an appellant is a sexual predator, must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.State v. Jackson (June 8, 2000), Franklin App. No. 99AP-789, unreported.
 Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported, following Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
A review of the record shows that appellant plead guilty to abduction, which is a violation of R.C. 2905.02. Since the victim was a minor, appellant's abduction of the victim is considered a "sexually oriented offense" pursuant to R.C.2950.01(D)(2)(a).
The record also shows that sufficient evidence exists to demonstrate that appellant is likely to engage in the future in one or more sexually oriented offenses. Appellant's presentence investigation report provides the following details of his conviction:
 On 12-18-95, [appellant] was working as a security officer at the Ohio Department of Natural Resources Headquarters. A housekeeper in the building, [the] victim, age 16, who is mentally retarded, was working in the building along with a witness. Before the victim arrived, the witness and [appellant] engaged in a conversation. During the conversation with the witness, [appellant] allegedly stated to her that a janitorial closet, located on the first floor of the building, was a good place to have sex.
 Later that evening, [appellant] was overheard by the witness, allegedly engaging in a conversation with a female security officer concerning sex acts [appellant] wished to participate in, as [appellant] communicated these thoughts over a two way radio. The witness later allegedly overheard a conversation between [appellant] and the victim. She stated [appellant] was "flirting" with the victim, and he told the victim she should be dating someone like him.
 Shortly after the conversation, the witness observed [appellant] place handcuffs on the victim. No force was observed, and it appeared the victim believed [appellant] was playing. The victim was observed laughing when [appellant] placed the handcuffs on her.
 The witness left the area, and she arrived later to witness [appellant] pulling the victim, against her will, down the hallway. The victim and witness stated [appellant] was attempting to pull her into the janitorial closet. The witness intervened, and the victim was released from the handcuffs by [appellant.] She was not injured. Witness stated she heard [appellant] say, "I am going to f___ you like no man has f___ed you before." * * * After he was arrested, [appellant] told officers that he had in fact handcuffed the victim, and he confessed to telling the victim he wanted to "f___" her. He also confessed to pulling the defendant [sic] down the hallway.
The transcript of appellant's hearing also stated that while he was pulling the handcuffed victim down the hallway, "she began objecting and screaming, `stop.'"
The state also presented evidence that appellant had a prior juvenile adjudication for gross sexual imposition. The adjudication was based upon appellant, then sixteen years old, laying naked in bed with his thirteen-year-old sister and rubbing his penis on her thigh. His juvenile offense occurred only twenty-two months before his abduction offense. Following his juvenile offense, appellant was placed in sex offender counseling, which he refused to complete. While appellant was incarcerated in prison, he did not attend any sex offender treatment.
Accordingly, we find that the trial court's determination that appellant is a sexual predator is supported by sufficient evidence. The details of appellant's prior sexually oriented offense combined with the short amount of time between the two offenses demonstrates a pattern of abuse. Additionally, the fact that: (1) both victims were minors; (2) the first victim was his sister; and (3) the second victim was mentally retarded, are telling indicators of the depths of appellant's inability to refrain from such illegal conduct. Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ BROWN, J.
BOWMAN, P.J., and KENNEDY, J., concur.